Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5312 | **DATE** | 9/6/2001 |
| **CASE TITLE** | ROBERT J. UNGERAN vs. COMMONWEALTH EDISON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss is granted. The Clerk of the Court is instructed to enter final judgment, pursuant to Fed.R.Civ.P. 58 against Plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP - 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 22 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 SEP -7 AM 8:44 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT J. UNGERAN, )
)
)
Plaintiff, )
) No. 00 C 5312
) Judge Ronald A. Guzman
v. )
)
COMMONWEALTH EDISON, )
)
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Commonwealth Edison's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below this motion is granted.

## BACKGROUND FACTS

Plaintiff Robert J. Ungeran filed a charge of employment discrimination with the Equal Employment Opportunity Commission on July 10, 1995 alleging that Defendant discriminated against Plaintiff based on his age and disability of manic depression. The Equal Employment Opportunity Commission dismissed the charge and issued Plaintiff a Notice of Right to Sue on May 24, 2000. The Right to Sue Letter expressly informed Plaintiff that if he did not file suit against Defendants within ninety days of the receipt of the letter he would forfeit his right to sue. On August 29, 2000, 97 days after receipt of the Right to Sue Letter, Plaintiff filed a Complaint in this Court.



In his complaint, Plaintiff alleges that he was discriminated on the basis of his age and disability, in violation of the Age Discrimination Act ("ADEA"), 29 U.S.C. § 621 et seq. and the American With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101. Defendant filed this motion to dismiss on May 7, 2001.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago,* 910 F. 2d 1510, 1520 (7th Cir. 1990). A court should dismiss a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey,* 141 F. 3d 322, 327 (7th Cir 1998). However, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *See Henderson v. Sheahan,* 196 F. 3d 839, 845 (7th Cir. 1999). Accordingly, with these principles in mind we turn to the motion before us.

Defendant moves to dismiss the complaint as untimely under 29 U.S.C. § 626(e) and 42 U.S.C. § 12117(a). Under the ADA and the ADEA, a plaintiff is required to bring suit within 90 days of receipt of a Notice of Right to Sue from the EEOC. The 90-day period commences when a plaintiff receives "actual notice" of his right to sue. *See Houston v. Sidley & Austin,* 185 F. 3d 837, 839 (7th Cir. 1999)(citations omitted). Both the Seventh Circuit and this Court have applied the ninety day requirement strictly and have been "reluctant to extend the ninety day period." *Fleming v. Alco Building Products,* 820 F. Supp. 1113, 1116 (N.D. Ind. 1992). A plaintiff receives such "actual notice" on the date he, or his attorney obtains physical possession of the right to sue letter. *See Jones v. Madison Service Corp.,* 744 F. 2d 1309, 1312 (7th Cir. 1984).

According to Plaintiff's complaint he received his Right To Sue Letter on May 24, 2000

2

the date it was issued by the EEOC. This date obviously puts Plaintiff's case outside the 90 day limitations period in light of the fact that Plaintiff's case was filed on August 29, 2000. However, according to Plaintiff's Response to Defendant's Motion to Dismiss, he received his Right to Sue Letter sometime between May 31, 2000 and June 3, 2000. However, the certified copy receipt mailed by the EEOC reveals that the Plaintiff's Right to Sue Letter was initially delivered to Plaintiff's residence on May 30, 2000, a second delivery attempted on June 4, 2000 and was ultimately returned by the Post Office on June 14, 2000).

Under normal circumstances, when the EEOC sends a right-to-sue letter by certified mail, the 90-day limitations period presumptively begins to run on the day that plaintiff actually receives the letter. *Houston at* 185 F. 3d at 839. This actual notice rule cannot be applied in Plaintiff's case in light of the fact that the certified mail was returned to the EEOC on June 14, 2000 and Plaintiff is guessing as to the precise date he received his Right to Sue letter. Plaintiff has the burden of producing facts which explain when he actually received the right to sue letter. By indicating a span of days in which Plaintiff claims he received the latter this Court is left to guess the actual date Plaintiff received his copy of his Right To Sue Letter. This statement alone is insufficient. The EEOC 's letter is date stamped May 24, 2000. Plaintiff was therefore on constructive notice five days after the letter was issued. *Lody v. Sullivan,* 882 F. 2d 218 (7th Cir. 1989)(applying the presumption that the right to sue letter is received five days after it was issued. Because, Plaintiff did not file his complaint until August 29, 2000, the complaint is untimely being that it was filed on the 93rd day. Furthermore, Plaintiff did not serve Defendant with the original complaint during the 120 day period as required under Fed. R.Civ. P. 4(m). After filing his complaint on August 29, 2000, Plaintiff waited until March 10, 2001, 193 days to

3

mail Defendant a Notice of Lawsuit and Request for Waiver of Service of Summons. While a generous reading is to be given to pleadings by pro se litigants, such leniency does not extend to excusing the failures by such litigants to conform to the clearly spelled out procedural requirements. *Haines v. Kerner,* 404 U.S. 519, 520-521, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). Plaintiff's service is clearly untimely in light of the fact that Plaintiff did not even attempt to serve the complaint until 193 days had passed.

## CONCLUSION

For the foregoing reason, the motion to dismiss is granted. The Clerk of the Court is instructed to enter final judgment, pursuant to Federal Rule of Civil Procedure 58 against Plaintiff (#8).

So Ordered: 9-6-01

Entered: _Ronald A. Guzman_
Honorable Ronald A. Guzman